**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**EVELYN ALVAREZ TORRES**<br><br><br>**Debtor(s)**<br>---<br>**EVELYN ALVAREZ TORRES**<br><br>**Plaintiff**<br><br>vs.<br><br>**BANCO POPULAR**<br>**DORAL RECOVERY II, LLC**<br>**IVON PALERM CRUZ**<br><br>**Defendant(s)** | **CASE NO. 13-06530**<br>**Chapter 7**<br><br>**Adversary No. 14-00103**<br><br><br><br><br><br>**FILED & ENTERED ON 04/07/2015** |

**OPINION & ORDER**

The Debtor's Motion for Reconsideration of Dismissal of Co- Defendant Banco Popular [Dkt. No. 17] is DENIED for the reason's set forth in Defendant Banco Popular's Opposition [Dkt. No. 20]. In addition, as Plaintiff failed to timely reply, Co-Defendant Ivone Palerm Cruz's Motion to Dismiss [Dkt. No. 32] is GRANTED.

The Debtor filed the legal case associated with this adversary proceeding on 8/12/2013 under chapter 13. The case was converted upon request of the Debtor on 3/3/2014, and Noemi Landrau Rivera was appointed the chapter 7 trustee. After several procedural turns, on 4/24/2014 the trustee filed a formal 'Notice of Abandonment of Property' [see Legal Case Dkt. No. 93]

specifically abandoning the property that is the subject of this adversary proceeding, and on even date filed the 'Chapter 7 Trustee's Report of No Distribution' [see Legal Case Dkt. No. 94]. The Debtor's Discharge was entered on 12/17/2014. [See Legal Case Dkt. No. 104].

At this juncture, the Court makes no determination as to whether any of the claims asserted by the Debtor/Plaintiff are valid or not. However, any award granted in favor of the Plaintiff, would never be administered by the Chapter 7 trustee or distributed in connection with this Chapter 7 case. The trustee's abandonment of the property revests the same with the Debtor. Upon abandonment, the court's jurisdiction over the claims the Debtor asserts in this adversary proceeding is limited. As set forth in Title 28 U.S.C. § 1334(b), "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

In Matter of Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990), the Court of Appeals for the Eleventh Circuit adopted the test articulated in Pacor, Inc., v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984), for determining whether a civil proceeding is sufficiently "related to" bankruptcy to confer federal jurisdiction. The appropriate test is "whether the outcome of the proceeding could conceivably have an effect on the bankruptcy estate" or alter the debtor's rights, liabilities, options, freedom of action, which in any way impact the administration of the estate. Lemco Gypsum, 910 F.2d at 788 (quoting 743 F.2d at 994). Based on the Pacor test, the court concludes that it is without jurisdiction to hear the claims raised in the instant adversary proceedings.

Again, the trustee has filed a report of no distribution, a notice of abandonment, and the debtor's discharge has issued. The resolution of these claims will not affect the debtor's estate or the allocation of assets among her creditors; any potential judgment amounts will not be

administered by the chapter 7 trustee or distributed to the Debtor's creditors in this Chapter 7 case. "Where an asset has been abandoned by the Trustee, that asset is no longer a part of the bankruptcy estate." In re Bray, 288 B.R. 305, 307 (Bank. S.D.Ga. 2001) (citation omitted). "As a result, the property reverts back to its pre-bankruptcy status, and that asset is properly removed from the jurisdiction of the bankruptcy court." Id. Thus, the debtor is now revested with the right to pursue any claims against the Defendants in a more appropriate forum, if she chooses. The adversary proceeding is DISMISSED. The Clerk shall enter judgment and close the adversary proceeding forthwith.

SO ORDERED

San Juan, Puerto Rico, this 7th day of April, 2015.

Brian K. Tester
U.S. Bankruptcy Judge